**Jose Gerardo Alday NAVARRO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70183.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2008.*

Filed Nov. 4, 2008.

Norma M. Molinar, Esquire, San Francisco, CA, for Petitioner.

David V. Bernal, Assistant Director, Andrew C. MacLachlan, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, De-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

MEMORANDUM **

An immigration judge (IJ) denied Jose Gerardo A. Navarro's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Board of Immigration Appeals (Board) denied his appeal, and he now petitions this court for review. We have jurisdiction over the petition for review of the asylum claim pursuant to 8 U.S.C. § 1252, and we deny the petition. We dismiss for lack of jurisdiction the petition for review of the claims for withholding of removal and protection under the CAT.

On Navarro's asylum claim, "the IJ may deny eligibility for asylum. where the evidence establishes that internal relocation is a reasonable option under all of the circumstances." *Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir.2003); *see also* 8 C.F.R. § 1208.13(b)(1)(i)(B). Prior to moving to the United States, Navarro relocated from Zamboanga to Paranaque, a predominately Christian town, where Navarro testified that he felt safe and believed that he had a good future with his new job. Even though suspected members of the Moro National Liberation Front allegedly came to Navarro's home in Paranaque, Navarro testified that they did not threaten or harm him. The Board did not err in determining that the government established by a preponderance of

the evidence that Navarro could reasonably relocate within the Phillipines.

With respect to Navarro's claims for withholding of removal and protection under the CAT, Navarro did not raise those claims in his notice of appeal to the Board, nor did he present any arguments regarding those claims in his brief to the Board. We therefore lack jurisdiction to adjudicate those claims, and they are dismissed. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

